UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

**ANNA MCKINNEY,**
an individual,

     Plaintiff,                           Case No.:

*-vs-*                                           HON:

**COUNTY OF MACOMB,**
a Michigan municipal corporation,

     Defendant.

_____/

THE SHARP FIRM, PLLC
Attorneys for Plaintiff
BY:  Joseph A. Golden (P14105)
43260 Garfield Road, Suite 280
Clinton Township, MI 48038
(586) 226-2627
joseph@sharpfirmlaw.com

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

     ANNA MCKINNEY ("PLAINTIFF"), through her attorneys at The Sharp

Firm, PLLC, states the following for her Complaint against Macomb County

("DEFENDANT"):

     1.    Plaintiff is a resident of the Township of Chesterfield, County of

Macomb, State of Michigan.

     2.    Defendant, County of Macomb, is a duly organized County of the State

of Michigan.

3.     Defendant operates the Macomb County Community Mental Health Department ("Department"), located in Clinton Township, Macomb County, Michigan.

4.     The Department is governed by the Michigan Mental Health Code, and by the Public Health Code.

5.     The Department's services are accredited by the Commission on Accreditation of Rehabilitation Facilities, CARF. CARF International is an independent, nonprofit organization.

## PARTIES, JURISDICTION, AND VENUE

6.     Plaintiff brings this action on her own behalf to remedy Defendant's violations of the Americans with Disabilities Act As Amended ("ADAAA"), 42 U.S.C. § 12101, et seq.

7.     This Court has subject matter jurisdiction over Plaintiff's ADAAA claim under 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question issue under 42 U.S.C. § 12101, et seq.

8.     Venue is proper in this district under 28 U.S.C. § 1391 because the entire actions and omissions giving rise to the claims pleaded in this Complaint occurred in this district.

9.     The events giving rise to this cause of action occurred exclusively in Macomb County, Michigan, the Eastern District of Michigan.

10.     At all relevant times, Plaintiff was employed by Defendant.

## FACTUAL ALLEGATIONS

11.      Plaintiff incorporates the preceding paragraphs by reference.

12.     Plaintiff was employed by Defendant as a Support Coordinator at the Department from May 2005 until April 2019.

13.     Defendant, through the Department, provides mental health treatment and support services to adults and children with mental illness, developmental disabilities, and substance abuse treatment needs.

14.     Defendant further provides individual-based services which include outpatient or home-based treatment; mental health assessment prior to nursing home placement; residential, respite or support services; or other alternatives as determined by individual needs.

15.     Plaintiff met with consumers to assess their needs and identify services that the Department could provide.

16.     Plaintiff drafted individual service plans for her consumers.

17.     Plaintiff's tasks included helping consumers develop their cognitive skills so they could function domestically and socially.

18.     At times, Plaintiff assisted consumers find employment and participate in recreational activities.

19.     On or around late 2015, the Department transitioned to a "mobile office only."

20.     Plaintiff was required to meet with consumers at their residences. Plaintiff provided a comprehensive home environment assessment for her consumers.

21.     Plaintiff helped consumers with laundry, brush their teeth, and other daily life skills.

22.     Plaintiff was required to meet with each consumer for a minimum of one hour per month.

23.     When Plaintiff was hired, she was responsible for eighteen consumers. At the end of Plaintiff's employment, she was responsible for fifty-three consumers.

24.     As Defendant transitioned to a mobile office policy, Plaintiff began to experience behavioral health issues.

25.     Around this time, Plaintiff saw Dr. Michael Vredevegood. Plaintiff was treated for Attention Deficit Disorder and was prescribed medications.

26.     On November 13, 2016, Plaintiff was hospitalized at McLaren Hospital in Macomb, MI, for depression, and a suicide attempt.

27.     Plaintiff was diagnosed with an Anxiety Disorder, ADHD, Depression, and a Sleep Disorder. These conditions substantially impact Plaintiff's sensory,

mental, and physical abilities. Plaintiff's conditions meet the definition of a disability as described by the ADAAA.

28.    In 2017, Plaintiff saw Dr. Nina Anderson for treatment. Dr. Anderson continued Plaintiff on her medications.

29.    In March 2018, Plaintiff suffered a nervous breakdown while in transit from seeing consumers. Plaintiff told Defendant about her breakdown and continuing need for an accommodation. Defendant suggested Plaintiff look for other employment and did not discuss accommodations with her.

30.    On or around March 4, 2018, Defendant received an accommodation request from Dr. Deborah Greening on Plaintiff's behalf.

31.    Dr. Greening indicated that Plaintiff needed an accommodation due to her impaired attention and inability to concentrate while working in an office environment.

32.    Dr. Greening's accommodation request stipulated that Plaintiff be allowed to work from home because Plaintiff could not concentrate in noisy spaces. Since Defendant had transitioned to a mobile office plan, this accommodation was reasonable because Plaintiff could drive to her consumers and then complete the documentation portion of her position at home.

33.    Plaintiff's accommodation request was denied by Defendant.

34.     Plaintiff started to fall behind in completing her job duties because she was denied the accommodation.

35.     Multiple Support Coordinators worked from home and were not required to work in an office to complete their job tasks. Therefore, Plaintiff's request was reasonable and should have been granted.

36.     In May 2018, Plaintiff requested intermittent FMLA.

37.     In June 2018, Plaintiff was admitted at McLaren Hospital in Macomb, MI. Plaintiff was prescribed additional medications for her condition.

38.     In July 2018, Plaintiff voluntarily entered a rehabilitation program for Behavioral Health at Harbor Oaks. The program lasted 7-10 days.

39.     On or around September 5, 2018, Defendant received another request for accommodations for Plaintiff.

40.     Plaintiff again requested to work from home in the morning before her workday began or in the evenings after her workday ended. This accommodation would provide Plaintiff uninterrupted time to complete her duties.

41.     Plaintiff's request for accommodation was submitted to Defendant by Dr. Greening.

42.     Plaintiff met with Defendant on or around February 2019. Plaintiff explained her situation, impairments, disability, and need for accommodations.

Defendant conveyed to Plaintiff her requests would be shared with Defendant's HR Department.

43.    Plaintiff's request was again denied.

44.    Defendant ended Plaintiff's employment on April 8, 2019 for 'not completing her work in a timely manner'. Plaintiff was terminated because she was denied an accommodation that would have allowed her to complete the essential functions of her job.

45.    On or around May 6, 2019, Plaintiff filed a charge with the Michigan Department of Civil Rights alleging that her requests for accommodation had been wrongfully denied.

46.    Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission on or around August 2020 alleging violations of the ADAAA.

47.    On or around September 17, 2020, the EEOC issued a Right to Sue letter to Plaintiff.

### COUNT I – DISCRIMINATION UNDER THE ADAAA

48.    Plaintiff incorporates the preceding paragraphs by reference.

49.    Plaintiff is a person within the meaning of the ADAAA.

50.    Defendant was Plaintiff's employer as defined by the ADAAA.

51.    At all relevant times, Plaintiff was an individual with a disability within the meaning of the ADAAA.

52.     Specifically, Plaintiff has a physical or mental impairment that substantially limits one or more of her major bodily functions, has a record of the impairment, and is regarded by Defendant as having the impairment.

53.     Plaintiff is a qualified individual with a disability as that term is defined in the ADAAA.

54.     Plaintiff was perceived as having a disability by her employer or her disability effecting her ability to perform her position on or around March 2018.

55.     Plaintiff was treated differently than other employees by Defendant who did not have a disability.

56.     Plaintiff is an individual who, with reasonable accommodations, can perform her job's essential functions for Defendant.

57.     Defendant refused to accommodate Plaintiff's disability.

58.     Defendant failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodations for her disability.

59.     Defendant refused to allow Plaintiff to work from home or allow Plaintiff designated "quiet time" in order for Plaintiff to complete her job duties.

60.     Defendant conducted itself with malice or reckless indifference to Plaintiff's federally protected rights.

61.    As a direct and proximate result of Defendant's discrimination against Plaintiff on the basis of disability or its perceived disability, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities.

## COUNT II – RETALIATION AGAINST PLAINTIFF

62.    Defendant took adverse action against Plaintiff because Plaintiff participated in a protected activity.

63.    Plaintiff openly complained about Defendant's work environment being unsafe.

64.    Plaintiff complained about patient safety.

65.    Plaintiff complained about unequal pay.

66.    On two separate occasions, Plaintiff requested reasonable accommodations under the ADAAA, and was denied both times.

67.    Plaintiff was terminated by Defendant on April 8, 2019 because she "was not completing her work in a timely manner."

WHEREFORE, Plaintiff requests that this Honorable Court grant whatever legal or equitable relief it finds necessary to compensate Plaintiff for her lost wages, lost benefits, loss of future wages, liquidated damages, punitive damages, loss of employment and advancement opportunities, humiliation and embarrassment, mental and emotional distress and loss of the ordinary pleasures of everyday life as

a result of Defendants' violations of her federally protected rights, attorney fees, costs and interest.

Dated: December 15, 2020                    Respectfully submitted,

                                            THE SHARP FIRM, PLLC

                                            By: /s/ *Joseph A. Golden*
                                            Joseph A. Golden (P14105)
                                            Attorneys for Plaintiff
                                            43260 Garfield Road, Suite 280
                                            Clinton Township, MI 48038
                                            (586) 226-2627
                                            joseph@sharpfirmlaw.com

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff, through her attorneys, hereby demands a jury trial.

Dated: December 15, 2020                    Respectfully submitted,

                                            THE SHARP FIRM, PLLC

                                            By: /s/ *Joseph A. Golden*
                                            Joseph A. Golden (P14105)
                                            Attorneys for Plaintiff
                                            43260 Garfield Road, Suite 280
                                            Clinton Township, MI 48038
                                            (586) 226-2627
                                            joseph@sharpfirmlaw.com